UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM KLOTZ,<br><br>    Petitioner,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Civil Action No. 15-562 (JEI)<br><br>**MEMORANDUM ORDER** |

The Court having reviewed William Klotz's ("Petitioner") Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1), and it appearing that:

1. On January 19, 2015, Petitioner filed the instant motion to vacate his sentence. (ECF No. 1 at 9).[1]

2. On March 26, 2015, this Court issued an order and notice pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), providing that Petitioner, within thirty days, could choose either to have his motion ruled upon as filed or to file an all-inclusive § 2255 motion containing any and all claims Petitioner wished to have the Court consider. (ECF No. 2).

3. Petitioner did not respond within the thirty days provided, and the Court will therefore rule upon his motion as filed.

4. This Court is required to preliminarily review Petitioner's motion under Rule 4 of the Rules Governing Section 2255 Proceedings and "must dismiss the motion" if it "plainly appears

---

[1] This Court gives Petitioner the benefit of the assumption that he mailed his motion on the date on which he signed it. All Page number references to ECF No. 1 refer to the Court's PageID numbers.

1

from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

5. A one year statute of limitations applies to motions brought pursuant to the statute. 28 U.S.C. § 2255(f). The limitation period begins to run at the latest of the following events: the date on which the conviction becomes final, the date on which an impediment to making the motion is removed, the date on which the right asserted was initially recognized by the Supreme Court if Petitioner's claim is based on a newly recognized right made retroactively applicable to cases on collateral review, or the date on which the facts supporting the claim could first have been discovered through due diligence. 28 U.S.C. § 2255(f)(1)-(4).

6. Petitioner does not argue that there was an impediment to the filing of his motion, nor that the facts supporting his motion were not discoverable prior to his conviction becoming final. As such, the statute of limitations would run from the date his conviction became final unless Petitioner can show that his claim is based on a newly recognized right. 28 U.S.C. § 2255(f)(1), (3).

6. Where a petitioner does not pursue a direct appeal, his judgment of conviction becomes final for the purposes of § 2255(f)(1) on "the date on which the time for filing such an appeal expired." *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999); *see also United States v. Johnson*, 590 F. App'x 176, 177 (3d Cir. 2014). In a criminal case, a defendant's notice of appeal must be made within fourteen days of the entry of judgment against him following sentencing. *Johnson*, 590 F. App'x at 177; Fed. R. App. P. 4(b)(1)(A)(i).

7. Petitioner was sentenced on June 17, 2013. (ECF No. 1 at 1). Petitioner did not file a direct appeal. (ECF No. 1 at 1, 11). Petitioner's conviction therefore became final fourteen

2

days later on July 1, 2013. *Johnson*, 590 F. App'x at 177. The statute of limitations would therefore have run on July 1, 2014, unless Petitioner can show that his claim is based on a newly recognized right made retroactive to cases on collateral attack. *Kapral*, 166 F.3d at 577; 28 U.S.C. § 2255(f)(3).

8. Petitioner argues that his motion is based on a right newly recognized by the Supreme Court in *Burrage v. United States*, --- U.S. ---, ---, 134 S. Ct. 881 (2014). Petitioner specifically argues that *Burrage* made a "substantive" change in the interpretation of 21 U.S.C. §§ 846 and 841(a)(1), finding that the factors found in 21 U.S.C. § 841(b) were not mere sentencing factors but were elements that need be proven beyond a reasonable doubt. (ECF No. 1 at 15-18).

9. In *Burrage*, the Supreme Court was tasked with interpreting the proofs required to show, under a section of the federal drug statutes not at issue here, that death "result[ed] from" a defendant's distribution of a controlled substance. *See* 134 S. Ct. at 887. As part of that interpretation, the Court noted that "[b]ecause the "death results" enhancement increased the minimum and maximum sentences to which [the defendant] was exposed, it is an element that must be submitted to the jury and found beyond a reasonable doubt. *See Alleyne v. United States*, 570 U.S. ---, ---, 133 S. Ct. 2151, 2162-63 [(2013)]; *Apprendi v. New Jersey*, 530 U.S. 466, 490 [(2000)]." *Id.* The Court, in so noting, did not create a new body of law regarding what constitutes an "element" of a drug offense, but rather reiterated the prior holdings of *Alleyne* and *Apprendi*.[2] *Id.* As *Alleyne* was decided on June 17, 2013, and *Apprendi* in 2000, this rule of law,

---

[2] Indeed, the Eighth Circuit, which the Supreme Court reversed in *Burrage*, recognized that the "death results" language was an element of the offense. *See United States v. Burrage*, 687 F.3d 1015, 1019 (8th Cir. 2012). The Third Circuit has likewise long considered drug quantity, where it increases the statutory maximum penalty, an element under *Apprendi*. *See, e.g., United States v. Vasquez*, 271 F.3d 93, 98-99 (3d Cir. 2001).

3

that any factor which increases a mandatory minimum or maximum sentence is an element of an offense, was available to Petitioner on the very day he was sentenced, and certainly before his conviction became final on July 1, 2013. *See Alleyne*, 133 S. Ct. at 2151; *Apprendi*, 530 U.S. at 466.

10. As *Burrage* was not the case in which the Court first recognized the body of law Petitioner asserts warrants the vacation of his sentence, *Burrage* does not establish the date on which Petitioner's § 2255 limitations period began to run. 28 U.S.C. § 2255(f)(1), (3). Because the cases that do establish the law Petitioner argues, *Alleyne* and *Apprendi*, were both decided before Petitioner's conviction became final, the statute of limitations applicable to Petitioner's motion began to run on July 1, 2013, the date on which his conviction became final. *Kapral*, 166 F.3d at 577. As such, the one year statute of limitations had run on July 1, 2014, six months before Petitioner filed the instant motion. Petitioner's motion is therefore untimely and, as this Court perceives no basis for equitable tolling, shall be dismissed.[3]

IT IS THEREFORE on this 20th day of May, 2015,

ORDERED that Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 1) is DISMISSED as time barred, Petitioner is permitted, however, to file an amended petition within thirty (30) days of this Order raising any basis for equitable tolling which may apply; and it is further

---

[3] The Court also notes that Petitioner's argument, were it timely presented, is under cut by the fact that Petitioner stipulated to the amount and nature of the controlled substance at issue in his guilty plea and sentencing. (*See United States v. Klotz*, No 13-154, Plea Agreement, ECF No. 21 at 7).

4

ORDERED that the Clerk of the Court shall serve a copy of this Order on Plaintiff by regular U.S. mail and shall CLOSE the file.

_____
Joseph E. Irenas, S.U.S.D.J.