**\*NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WILLIAM KLOTZ, | : | |
| Petitioner, | : | Civil Action No. 15-562 (JEI) |
|  | : | |
| v. | : | **OPINION** |
|  | : | |
| UNITED STATES OF AMERICA, | : | |
| Respondent. | : | |
|  | : | |

**IRENAS**, Senior District Judge:

Presently before the Court is Petitioner William Klotz's amended motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 5). At this time, this Court is required to review the amended § 2255 motion pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings and "must dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." For the following reasons, this Court will dismiss the amended motion as time barred.

## I. BACKGROUND

Petitioner was convicted of conspiracy to possess a controlled dangerous substance with intent to distribute and ultimately sentenced on June 17, 2013. (ECF No. 1 at 1). Petitioner did not file a direct appeal. On or about January 19, 2015, Petitioner filed his initial § 2255 motion. (ECF No. 1). On March 26, 2015, this Court provided Petitioner notice pursuant to *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), that he was required to present all his claims in a single §

2255 motion.  (ECF No. 2).  Petitioner did not respond to that notice, and so this Court screened his motion as filed and dismissed it as time-barred as more than a year had passed since Petitioner's conviction had become final and this Court discerned no basis for equitable tolling from the motion.  (ECF No. 4).  This Court permitted Petitioner, however, to file an amended § 2255 motion raising any arguments for equitable tolling which may apply.  (*Id.*).  Petitioner filed his amended motion arguing for equitable tolling on or about June 9, 2015.  (ECF No. 5).

## II.  DISCUSSION

### A.  Legal Standard

A prisoner in federal custody may file a motion pursuant to 28 U.S.C. § 2255 challenging the validity of his or her sentence.  Section 2255 provides, in relevant part, as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.  Unless the moving party claims a jurisdictional defect or a Constitutional violation, in order to merit relief the moving party must show that an error of law or fact constitutes "a fundamental defect which inherently results in a complete miscarriage of justice, (or) an omission inconsistent with the rudimentary demands of fair procedure."  *United States v. Horsley*, 599 F.2d 1265, 1268 (3d Cir.) (quoting *Hill v. United States*, 368 U.S. 424, 429 (1962)), *cert. denied* 444 U.S. 865 (1979); *see also Morelli v. United States*, 285 F. Supp. 2d 454, 458-59 (D.N.J.

2

2003).   Prior to ordering an answer to a § 2255 motion, Rule 4 of the Rules Governing Section 2255 Proceedings requires that the district court review a petitioner's § 2255 motion and "dismiss the motion" if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief."

## B.  Analysis

### 1.  An evidentiary hearing is not required

Pursuant to 28 U.S.C. § 2255(b), an evidentiary hearing is required for all § 2255 motions "unless the motion and files and records of the case conclusively show that the prisoner is entitled to no relief."  28 U.S.C. §2255(b); *United States v. Booth,* 432 F.3d 542, 545 (3d Cir. 2005); *United States v. Day*, 969 F.2d 39, 41-42 (3d Cir. 1992).   Where the record and the trial judge's recollection of the petitioner's case combine to conclusively negate the factual predicates asserted by a petitioner or indicate that the petitioner is not entitled to relief as a matter of law, a hearing is not required by the statute.  *Government of Virgin Islands v. Nicholas*, 759 F.2d 1073, 1075 (3d Cir. 1985); *see also United States v. Tuyen Quang Pham*, 587 F. App'x 6, 8 (3d Cir. 2014); *Booth*, 432 F.3d at 546.   For the reasons set forth below, Petitioner's motion is clearly time barred and there is no basis for the equitable tolling of the statute of limitations.   As such, Petitioner is not entitled to relief as a matter of law, and no evidentiary hearing is necessary for the resolution of Petitioner's motion.

**2.   Petitioner's § 2255 is untimely and Petitioner has presented no basis for equitable tolling**

Petitioner seeks to have this Court equitably toll the statute of limitations applicable to his § 2255 motion.   Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one year statute of limitations.   28 U.S.C. § 2255(f).   The limitation period begins to run at the latest of the following events:   the date on which the conviction becomes final, the date on which an impediment to making the motion is removed, the date on which the right asserted was initially recognized by the Supreme Court if Petitioner's claim is based on a newly recognized right made retroactively applicable to cases on collateral review, or the date on which the facts supporting the claim could first have been discovered through due diligence.   28 U.S.C. § 2255(f)(1)-(4). Where the statute runs from the date on which a conviction became final, the conviction becomes final on "the date on which the time for filing . . . an appeal expired."   *See Kapral v. United States*, 166 F. 3d 565, 577 (3d Cir. 1999); *see also United States v. Johnson*, 590 F. App'x 176, 177 (3d Cir. 2014).   A criminal defendant must file his notice of appeal within fourteen days of his sentencing.   *Johnson*, 590 F. App'x at 177; Fed. R. App. P. 4(b)(1)(A)(i).   As Petitioner did not file a direct appeal, his conviction therefore became final fourteen days after he was sentenced on July 1, 2013.   *Johnson*, 590 F. App'x at 177; Fed. R. App. P. 4(b)(1)(A)(i).   The one year statute of limitations for the filing of a § 2255 motion therefore had run in Petitioner's case as of July 1, 2014, six months before the filing of Petitioner's motion.   Petitioner's motion is therefore untimely absent equitable tolling.[1]

---

[1] As established in this Court's prior memorandum order, neither the Supreme Court's holding in *Burrage v. United States*, --- U.S. ---, ---, 134 S. Ct. 881 (2014), nor in *Alleyne v. United States*, 570 U.S. ---, ---, 133 S. Ct. 2151, 2162-63 (2013), would provide Petitioner with a later start date for the running of the statute of limitations.   (*See* ECF No. 4).

4

In his amended motion, Petitioner presents a single argument for equitable tolling: that the prison in which he was housed experienced a "series of back-to-back fog days that resulted in prison lock-downs, that created a cause-and-effect in long-term denial of access to [the] prison law library." (ECF No. 5 at 2). Equitable tolling "is a remedy which should be invoked 'only sparingly.'" *United States v. Bass*, 268 F. App'x 196, 199 (3d Cir. 2008) (quoting *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998)). In order to receive the benefit of such tolling, a petitioner must "show (1) that he faced 'extraordinary circumstances that stood in the way of timely filing,' and (2) that he exercised reasonable diligence." *United States v. Johnson*, 590 F. App'x 176, 179 (3d Cir. 2014) (quoting *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011)). Mere excusable neglect is insufficient to warrant tolling of the statute of limitations. *United States v. Thomas*, 713 F.3d 165, 174 (3d Cir. 2013). A temporary deprivation of access to legal materials for relatively brief time periods is likewise not a sufficient basis to support extension of the time to file a § 2255 motion. *Id.* This is true even in cases where the deprivation of legal materials extended to more than three months out of the year during which the statute of limitations ran. *Id.*

Petitioner's amended petition has not indicated any basis for the application of equitable tolling. Petitioner's unsupported assertion that foggy days caused some unknown number of prison lockdown days is insufficient to show that he was subjected to exceptional circumstances. Even if the Court were to assume that these days extended for several weeks, Petitioner still had the vast majority of the year following the finality of his conviction to file his § 2255 motion. That Petitioner may have been prevented from accessing legal materials for a relatively brief period of time, even if that period extended for several weeks or even a few months, is insufficient to establish the exceptional circumstances required to support the extension of equitable tolling. *Id.*

5

Petitioner has likewise failed to show that he acted with adequate diligence to warrant tolling even were his unsupported allegation of fog days sufficient to establish that he faced exceptional circumstances. Petitioner has provided no indication that he was adequately pursuing his rights during those days on which he had access to the law library, nor has he made any attempt to show that his failure to file within a year would even amount to a case of excusable neglect. As Petitioner has shown neither exceptional circumstances nor that he acted with reasonable diligence in pursuing relief under § 2255, this Court perceives no basis for the equitable tolling of the one year statute of limitations. *Id.* Petitioner's amended motion will therefore be dismissed as time barred.


## III. CERTIFICATE OF APPEALABILITY

A petitioner may not appeal from a final order in a proceeding brought pursuant to 28 U.S.C. § 2255 unless he has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). As Petitioner's motion is clearly time barred and jurists of reason would not disagree with this Court's ruling denying Petitioner's request that the statute of limitations be equitably tolled, no certificate of appealability shall issue.


## IV. CONCLUSION

6

For the reasons stated above, this Court will dismiss Petitioner's § 2255 motion as untimely, and no certificate of appealability shall issue.   An appropriate order accompanies this Opinion.


Dated: July  23  , 2015

_____
Hon. Joseph E. Irenas
Senior United States District Judge